Wiersema v. Lockwood & Strickland Co., 182 Ill. App. 11.

## Statement of the Case.

Action by Leopold Brodowicz against Dominik Giaczas. Judgment on motion of plaintiff was entered against defendant for failure to file sufficient affidavit of merits. From an order of court denying motion to vacate the judgment, defendant brings error.

MICHAEL B. RODERICK, for appellant.

JOHN O. WAGNER and IGNATIUS BECKMAN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENTS, § 298*—*power to vacate, after term.* Court has no power after the term has expired to vacate a judgment entered by court on motion of plaintiff in violation of a rule of court requiring notice to the opposite party.

2. JUDGMENTS, § 298*—*when cannot be vacated for errors of law.* Court's entry of a judgment in violation of a rule of court is an error of law for which court cannot set aside judgment after the term has expired.

---

Cornelius Wiersema, Defendant in Error, v. Lockwood & Strickland Company, Plaintiff in Error.

Gen. No. 17,744.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 9, 1913.

## Statement of the Case.

Action by Cornelius Wiersema against Lockwood & Strickland Company, a corporation, for personal injuries received by plaintiff while in the employ of

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

defendant. From a judgment for plaintiff for five hundred dollars, defendant brings error.

F. J. CANTY and P. L. McARDLE, for plaintiff in error.

GALLAGHER & MESSNER, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 826*—*when special findings of jury conclusive as to conduct of plaintiff.* In action against an employer for injuries resulting from an unsafe place to work, special findings of the jury to the effect that plaintiff did not know that machinery was unguarded, that he was in the exercise of ordinary care and that the risks were not so imminent that a man of ordinary prudence would not have incurred them, *held* conclusive as to conduct of plaintiff.

2. MASTER AND SERVANT, § 376*—*when no assumption of risk by knowledge of danger.* Employe does not, by working on an unguarded machine, with knowledge that it is unguarded, assume risk of injury from master's failure to suitably guard the machine in compliance with an ordinance or statute.

3. MASTER AND SERVANT, § 779*—*when instruction not based on theory of negligent order of foreman.* Instruction is not based on the theory of a specific negligent order of foreman because it incidentally refers to orders of the foreman, when plaintiff's statement of claim is not based on such theory and the instruction permits recovery only on proof of the negligence charged therein.

4. MUNICIPAL CORPORATIONS, § 828*—*where ordinance for safety of employes valid.* City ordinance providing for safety of employes in factories, workshops, etc., must be held a valid exercise of the police power delegated to the municipality, when no question is raised as to its reasonableness.

5. APPEAL AND ERROR, § 541*—*what necessary to review special findings of jury.* Special findings are conclusive where appellant did not in its motion for new trial, or otherwise, move that they be set aside.

6. APPEAL AND ERROR, § 531*—*how questions of validity of ordinance preserved.* To raise question of validity of an ordinance on ground that it is in violation of a statute or the constitution the question must be embodied in a proposition of law, and exception preserved to the ruling thereon.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.